UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY D. ROSE, | ) | Case No. 1:09CV2084 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| BENNIE KELLY, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |
| | ) | |

On September 9, 2009, Gregory Rose ("Petitioner") filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from a judgment of conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for: two counts of felonious assault against police officers and one count of having a weapon while under disability. *Id.* On November 10, 2009, Warden Bennie Kelly ("Respondent") filed a motion to dismiss. ECF Dkt. #4. On December 10, 2009, Petitioner filed a response to Respondent's motion. ECF Dkt. #5. On December 16, 2009, Respondent filed a reply. ECF Dkt. #6. The case was referred to the undersigned to issue a report and recommendation. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition WITHOUT PREJUDICE, unless Petitioner elects to waive Ground One as it relates to his claim of ineffective assistance of appellate counsel:

**I.    FACTUAL BACKGROUND**

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6 th Cir. 1998), cert. denied, 119 S.Ct. 2403 (1999). As set forth by the Eighth District Court of Appeals, the facts are:

> {¶ 1} Defendant-appellant Gregory Rose appeals from his convictions on two counts of felonious assault against police officers and one count of having a weapon while under disability. He argues that counsel performed ineffectively in several respects,

that the state's evidence was legally deficient, and that the court erred by admitting evidence contained in 911 emergency call tapes. We find no error and affirm.

{¶ 2} The state offered evidence showing that a 911 caller reported a male outside on the street "beating a woman with a gun * * *." Among those dispatched to the scene were Officer Laura Bell and her partner. When they arrived, Bell noticed Rose running between two houses. She testified that she and her partner split up-she ran up a narrow, grassy space between the houses and her partner ran up the driveway. A fence enclosed the yard, cutting off Rose's ability to escape. As Bell turned the corner of the house, she testified that she almost ran into Rose, who was holding a firearm in one hand and "fumbling with the fence." Finding herself without cover, she pointed her gun at Rose and ordered him to drop his gun. Bell saw Rose point the gun at her and pull the trigger, so she responded by firing two shots at him. She saw Rose again pull the trigger, and responded by firing three more shots. Bell began backing up to find cover, and fired all of her rounds in the process. She tried to switch ammunition cartridges, but her gun malfunctioned, preventing her from reloading the gun.

{¶ 3} Officer Shawn Howard came upon Bell's position as she was attempting to reload her gun. He saw Rose standing near the side of the house, with his chest up against the house and pointing a firearm in their direction. Howard could not shoot because Bell was in his line of fire as she moved backward to find cover. He told Bell to "drop," and once she did, he fired two rounds from his service shotgun. Rose then opened the gate to the fence and went into the backyard of a house.

{¶ 4} Police Sergeant Brian Miller testified that he was manning the supervisor's car during his shift and responded to the scene. He saw Rose coming down a driveway, running slowly and carrying a gun in his hand. Miller watched Rose change directions and run back up the driveway. Miller exited his vehicle and heard gunfire, with a woman's voice yelling "drop the gun." He flanked Rose's position and entered a backyard, placing Rose between him and officers Bell and Howard. Miller said that Rose was standing along the side of the house with his gun pointed upward. Miller's position put officers Bell and Howard in his line of fire, so he tried to obtain a better position. As he did so, Rose went through the gate and walked to the back door of the house. Miller said Rose tried to force his way into the back door of the house, but failed. Rose turned with the gun held up, "at a ready position[.]" Rose had not seen Miller, but Miller became concerned that if Rose did see him, he would be in a compromising position. Miller then fired two shots at Rose. Rose fell to the ground, dropping the gun.

{¶ 5} Rose was struck by shotgun fragments along his right side, from the elbow to just below his right knee. No other rounds struck him. One of the emergency medical technicians ("EMT") who responded to the scene said that Rose was ambulatory and in handcuffs when he arrived. The EMT described Rose as "uncooperative" and said that when he asked Rose why he did not drop the gun as ordered, Rose said, "well, they had guns, so why should I?" Another EMT testified that in response to her inquiry as to how he sustained his wounds, Rose said "he was fighting with his girlfriend, that he had a gun, that he did not put it down, and that he was shot by the police, because he did not put the gun down." Rose also told the EMTs that he was under the influence of alcohol and marijuana.

{¶ 6} The gun recovered from Rose had four spent bullet casings in the cylinder, along with two live rounds. A police detective testified that if a spent casing were chambered, the gun would not fire. The detective also stated that it was possible that Rose could have pulled the trigger of the gun only partially so that the hammer would strike the ignition chamber of the gun, but not with enough force to ignite the primer

> and discharge the round.
>
> {¶ 7} Rose defended on the theory that he did not possess a gun at any time during the confrontation, and that the absence of blood on the scene suggested that the police planted the gun after he had been shot.

ECF Dkt. #10, Ex. 4 at ¶¶1-7; *State v. Rose*, No. 89457, 2008 WL 740563 at ¶¶1-7 (Ohio App. 8 Dist. March 20, 2008), unreported.

## II.   PROCEDURAL BACKGROUND

### A.   Trial Court Conviction

On May 11, 2006, the prosecuting attorney for Cuyahoga County, Ohio filed an indictment against Petitioner. ECF Dkt. #10, Ex. 1 (Appearance Docket). On December 6, 2006, a jury rendered a verdict in Petitioner's case, finding him guilty of felonious assault in violation of O.R.C. § 2903.11, with firearm specifications pursuant to O.R.C. §§ 2941.141, 2941.145. *Id.* (Journal Entry, Appearance Docket). The court had previously found Petitioner guilty of having weapons while under disability pursuant to O.R.C. § 2923.13. *Id.* The trial court sentenced Petitioner to 18 years of imprisonment for the felonious assault convictions. *Id.* The court merged the 1 and 3 year firearm specifications, but ordered the 3 year term to be served consecutively with the 18 year term. *Id.* The court imposed a term of 5 years of imprisonment for having weapons while under disability, with this sentence to run consecutively to the sentence for felonious assault. *Id.*

### B.   Direct Appeal

On February 21, 2007, Petitioner filed a notice of appeal to the Eighth District Court of Appeals. ECF Dkt. #10, Ex. 1. On August 22, 2007, Petitioner filed a brief on the merits raising the following assignments of error:

   **I.**   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE, PURSUANT TO THE SPEEDY TRIAL PROVISION OF THE OHIO REVISED CODE, FOR THE DISMISSAL OF THE INDICTMENT, AFTER APPELLANT WAS IN JAIL AWAITING TRIAL IN THIS CASE FOR A PERIOD EXCEEDING NINETY DAYS

   **II.**   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL DID NOT REQUEST THE COURT TO INSTRUCT THE JURY THAT IF THEY BELIEVED NO MORE OF THE TESTIMONY THAN ROSE MERELY POINTED THE GUN AT OFFICER BELL OR OFFICER HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT, AS TO THAT

> OFFICER, AND APPELLANT MUST BE FOUND "NOT GUILTY."
>
> **III.** APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT PROCEEDED TO TRIAL WITHIN TWO WEEKS AFTER THE DEFENSE INFORMED THE JUDGE IT WAS NOT PREPARED TO PROCEED BECAUSE NO INTERVIEWS HAD BEEN CONDUCTED, AND THE PROSECUTION HAD YET TO PROVIDE DISCOVERY CONCERNING THE ADDRESSES AND PHONE NUMBERS OF MORE THAN FIFTY WITNESSES.
>
> **IV.** THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY THAT IF THEY BELIEVED ROSE ONLY POINTED THE GUN AT OFFICER BELL OR OFFICER HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT AND APPELLANT MUST BE FOUND "NOT GUILTY."
>
> **V.** THE VERDICTS FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT WERE NOT SUPPORTED BY EVIDENCE SUFFICIENT TO JUSTIFY FINDINGS OF GUILT BEYOND A REASONABLE DOUBT.
>
> **VI.** THE GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.
>
> **VII.** THE APPELLANT'S DUE PROCESS RIGHT WAS VIOLATED WHEN THE TRIAL COURT PERMITTED THE JURY TO HEAR A 911 TAPE WHICH "TESTIFIED" ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT.
>
> **VIII.** THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED A 911 TAPE WHICH GAVE AN OPINION ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT AS AN EXCITED UTTERANCE.

ECF Dkt. #10, Ex. 2.

On March 20, 2008, the Eighth District Court of Appeals affirmed Petitioner's conviction. ECF Dkt. #10, Ex. 4.

On May 5, 2008, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #10, Ex. 5. Petitioner filed a memorandum in support of jurisdiction raising the following proposition of law:

> **1.** The absence of alternative to the "prejudice prong" of the test for the ineffective assistance of counsel Violates he [sic] Due Process Causes [sic] of the Sixth Amendment to the United States Constitution and Article One of the Ohio Constitution.

ECF Dkt. #10, Ex. 6.

On September 10, 2008, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving a substantial constitutional question. ECF Dkt. #10, Ex. 7.

**C.     State Court Post-Conviction Petition**

On November 3, 2008, Petitioner filed a state court post-conviction petition.  ECF Dkt. #10, Ex. 8.  Petitioner raised the following grounds for relief:

**I.**     THE GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.

**II.**    THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGES, WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION. *SEE STATE V. ROBINSON*, (1955), 162 OHIO ST. 486, 550.0 388 [SIC], 124 N.E. 2D 148.  IN ADDITIONALLY [SIC], A CONVICTION BASED ON LEGALLY INSUFFICIENT EVIDENCE CONSTITUTES A DENIAL OF DUE PROCESS. *TIBBS V. FLORIDA* (1982) 457 U.S. 31, 45, 102 S.Ct. 211, 2220, 72 L.ED.2D 652, 663 VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.

**III.**   THE TRAIL [SIC] COURT ERRED WHEN IT SENTENCED APPELLANT CONSECUTIVELY ON A FIREARM SPECIFICATION AND WHILE HAVING WEAPON UNDER DISABILITY, WHEN BOTH CHARGES REQUIRES [SIC] THE SAME ELEMENTS. *SEE* 2929.71.

**IV.**   COUNCIL [SIC] WITH REASONABLE KNOWLEDGE OF CRIMINAL LAW SHOULD HAVE CHALLENGED THESE ISSUES; APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR TRIAL WAS VIOLATED BECAUSE THE DISCREDITED TESTIMONY OF TWO POLICE OFFICERS SUBSTANTIALLY CONTRIBUTED HIS CONVICTION [SIC], CONSTITUTING AN INFRINGEMENT UPON THE INTEGRITY OF THE COURT SUFFICIENT TO VACATE THE CONVICTION AND REMAND THE CASE FOR RETRIAL. *STATE V. DEFRONO*, 394 n.e.2D 1027 (1978).

**V.**    APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE, PURSUANT TO THE SPEEDY TRAIL [SIC] PROVISION OF THE OHIO REVISED CODE, FOR THE DISMISSAL OF THE INDICTMENT, AFTER APPELLANT WAS IN JAIL AWAITING TRIAL IN THIS CASE FOR A PERIOD EXCEEDING NINETY DAYS.

**VI.**   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRAIL [SIC] COUNSEL DID NOT REQUEST THE COURT TO INSTRUCT THE JURY THAT IF THEY BELIEVED NO MORE OF THE TESTIMONY THAN APPELLANT ROSE *MERELY POINTED THE GUN* AT OFFICER BELL OR OFFICE [SIC] HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT, AS TO THAT OFFICER, AND APPELLANT MUST BE FOUND "NOT GUILTY."

**VII.**  THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY THAT IF THEY BELIEVED ROSE ONLY POINTED THE GUN AT OFFICER BELL OR OFFICER HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT AND APPELLANT MUST BE FOUND "NOT GUILTY."

> **VIII.** THE VERDICTS FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT WERE NOT SUPPORTED BY EVIDENCE SUFFICIENT TO JUSTIFY FINDINGS OF GUILT BEYOND A REASONABLE DOUBT.
>
> **IX.** THE GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.
>
> **X.** THE APPELLANT'S DUE PROCESS RIGHT WAS VIOLATED WHEN THE TRIAL COURT PERMITTED THE JURY TO HEAR A 911 TAPE WHICH "TESTIFIED" ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT.
>
> **XI.** THE TRAIL [SIC] COURT ABUSED ITS DISCRETION WHEN IT ADMITTED A 911 TAPE WHICH GAVE AN OPINION ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT AS AN EXCITED UTTERANCE.
>
> **XII.** THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO EIGHTEEN YEARS IN PRISON FOR FELONIOUS ASSAULT CHARGES, A SENTENCE DISPARITY.

ECF Dkt. #10, Ex. 8.  On November 13, 2008, the State of Ohio moved for summary judgment on the post-conviction petition on the basis that it was untimely.  ECF Dkt. #10, Ex. 9.  On January 6, 2009, Petitioner filed his own motion for summary judgment.  ECF Dkt. #10, Ex. 10.  On January 28, 2009, the trial court dismissed the petition as untimely, and it alternatively dismissed the petition on the basis of res judicata.  ECF Dkt. #10, Ex. 11.

### D. Federal Habeas Corpus Petition

On July 9, 2009, Petitioner filed the instant petition seeking relief from his state court conviction.  ECF Dkt. #1.  Petitioner presents the following grounds for relief:

> **GROUND ONE:** Petitioner was denied the effective assistance of counsel at trial and on appeal.
>
> **Supporting facts:** Petitioner's oral statements following his arrest were clearly indicative of his psychosis at the time of the incident. Further, Petitioner had two prior psychiatric hospitalizations for psychotic events, a history of delusions and hallucinations and treatment with anti-psychotic medications. Despite all these facts, his counsel did not enter of NGRI plea on his behalf, ensure that the court psychiatric clinic had complete medical records of petitioner's history or request an independent psychiatric evaluation when the court clinic failed to recognize his mental illness. These omissions constituted ineffective assistance. Trial counsel also failed to raise a speedy trial objection, failed to request a jury instruction that merely pointing the gun was insufficient to prove intent to comit felonious assault and failed to object to the 911 tape, the improper sentence or to adequately challenge the evidence

-6-

|  |  |
|---|---|
|  | against Petitioner. |
| **GROUND TWO:** | Petitioner's federal constitutional due process rights and rights to a fair trial by an unbiased jury were violated when the jury was permitted to hear the highly prejudicial statements made by 911 callers. |
| **Supporting facts:** | The jury was permitted to hear a 911 tape in which a caller described petitioner as "crazy" and opined that petitioner would shoot at the police. This evidence caused unfair prejudice and violated petitioner's due process rights. |
| **GROUND THREE:** | Petitioner's federal constitutional right to speedy trial was violated when he was held in lieu of bail for well over 90 days. |
| **Supporting facts:** | Although Petitioner was arrested in April and never made bail or executed a waiver of his speedy trial rights, he was not brought to trial until November 30. |
| **GROUND FOUR:** | There was insufficient evidence to support the conviction. |
| **Supporting facts:** | There was no credible evidence at trial that petitioner attempted to cause physical harm because he merely pointed the gun without squeezing the trigger. Because the evidence at trial was not sufficient to prove petitioner's guilt of felonious assault beyond a reasonable doubt, his convictions must be vacated. |

ECF Dkt. #1. On November 10, 2009, Respondent filed a motion to dismiss. ECF Dkt. #4. On December 10, 2009, Petitioner filed a traverse. ECF Dkt. #5. On December 16, 2009, Respondent filed a response to Petitioner's traverse. ECF Dkt. #6.

On June 23, 2010, the undersigned ordered Respondent to file copies of all briefs and opinions filed in the appellate courts and any briefs and dispositive orders related to petitioner's motion for postconviction relief. ECF Dkt. #7. On June 24, 2010, Respondent filed a notice indicating that he had filed the pertinent state court records. ECF Dkt. #10.

### III.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition should be dismissed because it contains an unexhausted claim. ECF Dkt. #4 at 2.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

In *Harris v. Lafler*, the Sixth Circuit set forth the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to

>dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

## IV. ANALYSIS

Respondent moves to dismiss the instant case for failure to exhaust state court remedies because Petitioner claims that he was denied effective assistance of appellate counsel, but he never filed an application to reopen his appeal based upon ineffective assistance of appellate counsel pursuant to Ohio Rule of Appellate Procedure 26(B).

Respondent's motion is based on the fact that Petitioner has not alleged appellate counsel's ineffectiveness through a Rule 26(B) motion. ECF Dkt. #4 at 2. While Rule 26(B) may be the typical avenue for raising such a claim, the dispositive issue for exhaustion purposes is whether the "federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (6th Cir. 1999). "Comity, . . .dictates that [a petitioner] use the State's established appellate review procedures before he presents his claims to a federal court." *Id*. "The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley,* 87 F.3d 1315 (Table), 1996 WL 266421 at *2. (6th Cir. May 17, 1996) citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In the case at bar, Petitioner raises claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. ECF Dkt. #1 at 6 (Ground One). Petitioner's claim of

-9-

ineffective assistance of appellate counsel has not been presented to the state courts in any context. *See* ECF Dkt. #10. Notably, Petitioner has not followed the established appellate review procedure that is provided in Ohio Rule of Appellate Procedure 26(B).

> Petitioner contends that:
>
> . . . Mr. Rose's petition does not contain a claim that may be treated as "unexhausted," because, as Respondent itself points out, further state court review is procedurally barred. [FN 21] "When an adequate and independent state ground forecloses a federal claim, it can be said that the petitioner has technically exhausted state remedies, because none are available to him." [FN 22] In other words, because it is too late for Mr. Rose to re-open his appeal or otherwise pursue this claim under state law, and it is clear that the courts of the State of Ohio would not consider the merits of his unexhausted claim, the claim is procedurally defaulted and considered exhausted. [FN 23].
>
> [FN 21] Respondent's Motion to Dismiss at 3.
>
> [FN 22] *Banks*, *supra*, at 418.
>
> [FN 23] *Coleman v. Thompson*, 501 U.S. 722 (1991).

ECF Dkt. #5 at 7. The *Coleman* court stated that:

> Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him.

*Coleman*, 501 U.S. at 731-32. While Respondent contends that Petitioner's Rule 26(B) application will likely be denied as untimely, and Petitioner contends that the claim "is procedurally defaulted," the undersigned recommends that the Court find that the petition contains an unexhausted claim.

Petitioner was required to file his application within 90 days. Ohio R. App. P. 26(B)(1). Otherwise, he must show good cause for the delay. *Id*. Petitioner argues cause before this Court. *See* ECF Dkt. #5 at 8-11. Although, his argument is largely perfunctory: "It is well established that 'ineffective assistance of counsel . . . is cause for a procedural default.' " *Id*. quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner fails to explain why his claim of ineffective assistance of appellate counsel is different from any other defendant in Ohio who claims ineffective assistance of appellate counsel and must present the claim through a rule 26(B) application. The *Murray* court clearly indicated that ineffective assistance of counsel may only be invoked as cause for procedural

-10-

default when there is a causal nexus between the deficient representation and the purported default. *Id.* (". . **if the procedural default is the result of ineffective assistance of counsel,** the Sixth Amendment itself requires that responsibility for the default be imputed to the State, which may not "conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance.") (emphasis added) (internal quotation omitted). There is no apparent reason that Petitioner's failure to comply with Rule 26(B)'s filing requirements is the result of appellate counsel's purported ineffectiveness. Petitioner has failed to demonstrate that a causal nexus exists.

Further, the *Murray* court stated that ineffective assistance of counsel can only be invoked as a basis for cause related to procedural default if the claim was presented in state courts:

> The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

*Murray*, 477 U.S. at 489. Given the holding and rationale in *Murray*, the undersigned believes that comity dictates that Petitioner's claim must be presented to the state court. On review of the record, the undersigned sees no filing where Petitioner has fairly presented an ineffective assistance of appellate counsel claim to the Ohio courts. *See* ECF Dkt. #10.

"[A] habeas court should excuse exhaustion where further action in state court 'would be an exercise in futility.' " *Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005). In this circumstance, it is not clear that Petitioner's 26(B) motion would constitute an exercise in futility because Petitioner can attempt to demonstrate cause for his delay in the state court. *See* Ohio R. App. P. 26(B)(1). This Court should not speculate on how the state court will rule on the motion.

A defendant is entitled to the effective assistance of counsel in his first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004). A claim of ineffective assistance of appellate counsel is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which is the same standard governing the review of a claim for the ineffective assistance of trial counsel. Hence, in order to prevail on his claims, Petitioner must show that appellate counsel deficiently performed and "the

-11-

deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable." *Mapes*, 388 F.3d at 191, citing Strickland, 466 U.S. at 687. In order to establish deficient performance, a petitioner must show that counsel's performance fell below an objective standard of reasonable representation. *Id*. at 688.

Moreover, it must be remembered that appellate counsel is not ineffective if he or she fails to raise every nonfrivolous claim on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). The process of " 'winnowing out weaker arguments on appeal' " is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting Barnes, 463 U.S. at 751-52, 103 S.Ct. 3308). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986).

It is not yet clear whether Petitioner's ineffective assistance of appellate counsel claim has merit. The underlying ineffective assistance of trial counsel claim is based upon an assertion that trial counsel failed to raise or investigate an insanity defense. One of the questions underlying both claims of ineffective assistance of counsel is what, if any, cost would have been imposed in Petitioner's case by raising this defense either at trial or on direct appeal. The Ohio state courts should have the first opportunity to determine this issue. Further, the Ohio state courts should have the first opportunity to determine whether cause exists sufficient to permit a delayed 26(B) application.

Petitioner contends that Respondent's reliance on *Rose v. Lundy* for the proposition that "a mixed habeas petition, containing both exhausted and unexhausted claims, must be dismissed," is "no longer good law" and "district courts confronted with a mixed petition containing potentially meritorious unexhausted claims, should stay the petition and hold it in abeyance pending prompt exhaustion of state remedies, rather than dismissing the petition with prejudice." ECF Dkt. #5 at 6-7. However, "[a] federal district court, generally speaking, may not grant the writ on a 'mixed' petition, one containing claims that the petitioner has pressed before the state courts and claims that he has not." *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009); citing *see* 28 U.S.C. §

-12-

2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 273-74, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Further, the *Rhines* Court held that stay and abeyance is an option that is available only in limited circumstances:

> Moreover, Congress enacted AEDPA against the backdrop of *Lundy*'s total exhaustion requirement. The tolling provision in § 2244(d)(2) "balances the interests served by the exhaustion requirement and the limitation period" "by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Duncan*, *supra*, at 179, 121 S.Ct. 2120. AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). **This scheme reinforces the importance of** *Lundy***'s "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."** 455 U.S., at 520, 102 S.Ct. 1198.
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan*, *supra*, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> **For these reasons, stay and abeyance should be available only in limited circumstances.** Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.** Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 276-77 (emphasis added). Here, Petitioner has presented no explanation for his failure to present his ineffective assistance of appellate counsel claim to the state courts. Even presuming, *arguendo*, that trial counsel and appellate counsel were ineffective, there is no apparent reason that counsel's purported ineffectiveness has prevented Petitioner from presenting his claim to the state courts before seeking federal habeas relief.

Under Petitioner's rationale, any defendant could neglect to pursue an ineffective assistance of counsel claim in the state court and litigate the claim in the federal habeas court for the first time under the guise of cause and prejudice pertaining to procedural default. If the Court were to hear

his case on the merits or grant a stay and abeyance, it could be setting precedent permitting any defendant to forego a Rule 26(B) motion and directly litigate ineffective assistance of appellate counsel claims in federal courts, which is plainly contrary to the principles of comity that underlie AEDPA's exhaustion requirement.

The instant petition should be dismissed in its entirety without prejudice, unless Petitioner waives his claim of ineffective assistance of appellate counsel. If the Court ultimately dismisses the petition for failure to exhaust state court remedies, the undersigned recommends that the Court advise petitioner of the filing requirements that mandate equitable tolling. In *Griffin v. Rogers*, the Sixth Circuit stated that mandatory equitable tolling applies to cases filed near the expiration of the AEDPA statute of limitations when a petitioner satisfies certain filing requirements:

> Our Court has determined that if such a petitioner files any unexhausted claims in state court within 30 days of dismissal and re-files in federal court within 30 days of exhaustion, the re-filed petition will automatically be considered timely. If this mandatory equitable tolling does not apply, this Court may still equitably toll the limitations period based on the traditional equitable factors as outlined by this court in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1998).

399 F.3d 626, 631 (6th Cir. 2005). While the undersigned does not make a recommendation pertaining to the AEDPA statute of limitations here, the undersigned believes that it there is no harm in notifying petitioner of the foregoing law pertaining to equitable tolling.

## V. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety WITHOUT PREJUDICE, unless Petitioner elects to waive his unexhausted claim of ineffective assistance of appellate counsel (Ground One, in part) and proceed with his exhausted claims (the balance of Ground One, Ground Two, Ground Three, and Ground Four).

Date: July 2, 2010            */s/George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).