# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| GREGORY D. ROSE, | ) | CASE NO. | 1:10CV2940 ("Case 2") |
| | ) | | 1:09CV2084 ("Case 1") |
| PETITIONER, | ) | | |
| | ) | JUDGE SARA LIOI | |
| vs. | ) | | |
| | ) | | |
| BENNIE KELLY, | ) | **MEMORANDUM OPINION** | |
| | ) | | |
| | ) | | |
| RESPONDENT. | ) | | |
| | ) | | |

Before the Court are petitioner's objections, as amended (Case 2, Doc. No. 11) to Magistrate Judge George J. Limbert's Report and Recommendation ("R&R") (Case 2, Doc. No. 9), which recommends that the petition for writ of habeas corpus be denied and the case dismissed. The Court has conducted its *de novo* review of the matters raised in the objections.[1] Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, petitioner's objections are overruled and the R&R is accepted. Respondent's motion to dismiss is **GRANTED** and the case is dismissed with prejudice.

Also before the Court is petitioner's motion for relief from the judgment. (Case 1, Doc. No. 16.) That motion is **DENIED**.

---

[1] The respondent filed no response to petitioner's objections.

## I. BACKGROUND

The complete factual and procedural history of this case was accurately set forth in the R&R, with no objections. Therefore, that background is adopted. For purposes of petitioner's objections, the following facts are relevant.

Following petitioner's direct appeal in the state courts from his conviction and sentence relating to two counts of felonious assault against police officers and one count of having a weapon under a disability, he had until December 9, 2009 to file his habeas petition, absent any tolling.[2]

Petitioner filed Case 1 on September 9, 2009. However, on August 10, 2010, this Court dismissed the petition without prejudice because it was a "mixed petition," that is, a petition containing unexhausted claims. The Court had first issued an order on July 23, 2010 (Case 1, Doc. No. 12) granting petitioner leave until August 9, 2010 to state in writing that he was willing to waive his unexhausted claim of ineffective assistance of counsel. The Court indicated in its July 23rd order that, should petitioner fail to waive the claim, the Court would dismiss the petition without prejudice, which is what transpired.

On October 5, 2010, despite the dismissal, petitioner filed a "Notice of Exhaustion of Remedies" in Case 1.[3] On October 8, 2010, the Court issued an order (Case 1, Doc. No. 15) acknowledging the notice but indicating that it was improperly filed since the case was closed. Petitioner was advised to proceed with any successfully exhausted claims by filing a new petition for habeas corpus.

---

[2] The Ohio Supreme Court declined petitioner's appeal on September 10, 2008. He had ninety days within which to petition the United States Supreme Court for a writ of certiorari. Therefore, his direct appeal became final on December 9, 2008. Absent a reason for tolling, he had one year thereafter to file his habeas petition under § 2244(d).

[3] Petitioner asserted that, on September 2, 2010, he filed a motion to reopen his direct appeal in state court. That motion was denied as untimely on September 29, 2010. Therefore, all his state remedies were exhausted.

On December 30, 2010, petitioner filed Case 2. On May 24, 2011, respondent moved to dismiss the petition as untimely. (Case 2, Doc. No. 6.) Petitioner opposed the motion. (Case 2, Doc. No. 8.) On September 22, 2011, Magistrate Judge George L. Limbert issued an R&R recommending dismissal. (Case 2, Doc. No. 9.) Petitioner filed objections, as amended. (Case 2, Doc. No. 11.)

On September 7, 2011, petitioner filed in Case 1 a motion for relief from judgment, asserting that his "former counsel, Margaret Amer Robey" had never received the August 10, 2010 dismissal order in Case 1 and that, "[u]pon later learning of the dismissal, attorney Margaret Amer Robey immediately filed a subsequent petition (Case No. 1:10CV2930 [sic], Doc. 1.)." (Case 1, Doc. No. 16.)

## II. DISCUSSION

### A.  Applicable Law and Standard of Review

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." In this case, *de novo* review requires the Court to apply the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing AEDPA.

A state prisoner seeking habeas relief under AEDPA must comply with the statute of limitations set forth in 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(2) provides for tolling of the 1-year limitation period during the time that a "properly filed" post-conviction or other collateral proceeding is pending in state court.[4]

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. [...] But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (emphases in original).

The Sixth Circuit has also recognized "a new period of *mandatory* equitable tolling for petitioners who filed their federal habeas petitions within the statute of limitations but were forced to return to state court to exhaust certain claims." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (citation omitted). In *Griffin*, the Court explained:

---

[4] Pending federal habeas petitions, however, do not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

4

In *Palmer v. Carlton,* 276 F.3d 777 (6th Cir.2002), this Court adopted a stay and abeyance procedure for habeas petitions that raise both exhausted and unexhausted claims. The exhausted portions of these petitions were to be stayed while the petitioner returned to state court. These stays were to be conditioned upon the petitioner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed. Also, in *Palmer,* this Court determined that it would be appropriate to apply these stays retroactively to petitioners like Griffin, whose claims were dismissed rather than stayed.

399 F.3d at 628.[5] Thus, under *Palmer* and *Griffin*, courts are to consider refiled habeas petitions timely filed where the petitioner returned to state court with his unexhausted claims within 30 days of a stay or dismissal by the federal court and then returned to federal court within 30 days of any final ruling by the state court.

The Supreme Court has also held that § 2244(d) is subject to principles of *general* equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id*. at 785. "[A] petitioner is entitled to equitable tolling [only] if he shows (1) that he has been pursuing his

---

[5] The problem for this narrow group of petitioners was recognized by Justice Stevens, with whom Justice Souter joined, concurring in *Duncan v. Walker*, 533 U.S. 167, 182 (2001). He proposed the stay-and-abeyance procedure, which was soon after adopted by the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2d. Cir. 2001) and was later found "eminently reasonable" by the Sixth Circuit in *Palmer*. 276 F.3d at 781.

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (citation and internal quotation marks omitted).[6]

## B.    Analysis of the Recommendations of the Magistrate Judge

### 1.    AEDPA's 1-Year Statute of Limitations

The R&R concluded that, absent tolling, Case 2 was not timely because it was filed on December 30, 2010, well after AEDPA's 1-year limitations period had expired on December 9, 2009. There has been no objection to this conclusion. It is the correct conclusion and is, therefore, accepted by the Court.

### 2.    Statutory Basis for Tolling the Statute of Limitations

The R&R then examined whether there is any statutory basis to toll the limitations period and concluded there is not. First, petitioner's motion for post-conviction relief as well as his motion to reopen his appeal had both been denied by the state courts because they had not been timely filed. Therefore, under 28 U.S.C. § 2244(d)(2), they were not "properly filed" and could not toll the AEDPA statute of limitations. Nor could his previously-filed habeas petition (Case 1) result in any tolling since AEDPA only provides for tolling during the pursuit of state, not federal, remedies. There has been no objection to this conclusion. This, too, is a correct conclusion and is, therefore, accepted by the Court.

### 3.    Mandatory and/or General Equitable Tolling

The R&R next examined whether there was any basis for applying mandatory equitable tolling under *Griffin* or general principles of equitable tolling under *Holland*. The R&R concluded that, although petitioner technically met the time requirements of *Griffin*, a number of

---

[6] Prior to *Holland*, the Sixth Circuit considered the five factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1998) when deciding whether to apply equitable tolling. However, the two-part test articulated in *Holland* is now the applicable test. *Robinson v. Easterling*, 424 Fed. App'x 439, 442 n.1 (6th Cir. 2011).

additional facts prompted the recommendation that neither mandatory equitable tolling nor general equitable tolling should be applied.

First, the R&R noted that petitioner did not comply with this Court's July 23, 2010 Order in Case 1 that he indicate in writing by August 9, 2010 his willingness to waive his unexhausted state claim or face dismissal of his entire petition without prejudice.[7] Although petitioner's counsel claimed not to have received the Court's August 10, 2010 Order (dismissing Case 1 without prejudice for lack of exhaustion) or the October 8, 2010 Order (acknowledging petitioner's notice of exhaustion filed in Case 1 but directing him to file a new habeas petition), counsel has never denied receiving the July 23, 2010 Order.

Second, the R&R pointed out (1) that petitioner has two attorneys representing him; (2) that all orders have been delivered electronically to the email addresses of record for both attorneys; (3) that although Attorney Margaret Amer Robey claims to have not received certain orders (not including the July 23rd order) because her email address has changed,[8] Attorney Gregory Robey, who also asserts he did not receive the October 8, 2010 Order, has not claimed any email change; and (4) that it is the continuing duty of all counsel to keep the Clerk of Court informed as to changes in their contact information *and* to monitor the docket of their client's case.

---

[7] The July 23, 2010 Order adopted an R&R (Case 1, Doc. No. 11) recommending dismissal without prejudice unless petitioner would elect to waive his unexhausted claim of ineffective assistance of appellate counsel and proceed only with his exhausted claims. Petitioner never filed any objections to the R&R and, therefore, the Court "assume[d] that petitioner [was] satisfied with the Magistrate Judge's recommendation[]" and set a deadline of August 9, 2010 for petitioner to indicate his intentions with respect to waiver of his unexhausted claim. The order stated that, absent the waiver, the case would be dismissed without prejudice. (Case 1, Doc. No. 12.) There was no waiver and dismissal without prejudice followed.

[8] In a motion for relief from judgment filed on behalf of petitioner by Attorney Gregory Robey on September 7, 2011 in Case 1, there is a suggestion that Margaret Amer Robey is petitioner's "former counsel." However, as properly pointed out by the R&R, Margaret Amer Robey has never withdrawn her representation as counsel for petitioner and the record reflects no such withdrawal.

Third, the R&R concludes that petitioner was at fault for filing Case 2 well over two months after the order responding to his notice of exhaustion and directing him to file a new habeas petition and, further, for waiting until September 7, 2011 to file a Rule 60(b) motion in Case 1. For all of these reasons, the R&R concludes that petitioner is not entitled to any form of equitable tolling.

## C.     Petitioner's Objections

Petitioner filed objections, as amended,[9] asserting two objections.[10]

### 1.     R&R failed to properly apply the principles of mandatory equitable tolling (Doc. No. 11 at 3, citing *Griffin, supra* and *Palmer, supra*)

Petitioner asserts: "Under *Griffin* and *Palmer*, if the district court fails to grant a stay, a petitioner is entitled to mandatory equitable tolling of the AEDPA period if he/she files in state court within 30 days of the federal court dismissal, and also returns to the federal court no later than 30 days following state court exhaustion. *See Palmer*, 276 F.3d at 781-82." (Case 2, Doc. No. 11 at 3.)

Petitioner argues, correctly, that he filed his motion to reopen his direct appeal on September 2, 2010, within 30 days of this Court's August 10, 2010 dismissal order. He further argues that, after his motion to reopen was denied on September 29, 2010, he returned to federal

---

[9] The original objections purported to be the objections of "defendant" to "the pre-sentence report." (Case 2, Doc. No. 10.) The amended objections still purport to be objections of "defendant" rather than "petitioner," but corrected the document being objected *to*. (Case 2, Doc. No. 11.)

[10] The amended objections also request a hearing under *Jackson v. Denno*, 378 U.S. 368 (1964). In *Jackson*, the Court stated that:

> a federal habeas corpus court, in the face of the unreliable state court procedure [which submitted to the jury, along with other issues in the case, for a single verdict, the question of voluntariness of a confession on which evidence was in conflict], would not be justified in disposing of the petition solely upon the basis of the undisputed portions of the record. At the very least, *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, would require a full evidentiary hearing to determine the factual context in which Jackson's confession was given.

378 U.S. at 392. The Court finds absolutely no reason to apply *Jackson* to the instant case. To the extent the amended objections can be construed as a motion for a hearing, the motion is denied.

court by filing his notice of exhaustion on October 5, 2010. (Case 1, Doc. No. 14.) He argues that, by not accepting this notice as a proper "return to federal court," the R&R "place[s] form over function." (Case 2, Doc. No. 11 at 4.)

The Court disagrees with petitioner's characterization. The fact is that petitioner failed to respond to the Court's July 23, 2010 order to indicate by August 9, 2010 whether he would waive his unexhausted claim. The Court had placed petitioner on notice that failure to waive would result in dismissal without prejudice. On August 10, 2010, having not received any waiver from petitioner, the Court dismissed Case 1 without prejudice. Therefore, when petitioner filed his notice on October 5, 2010, Case 1 was already closed and, as soon as counsel entered the case number to file the notice, the electronic filing system would have displayed the message "(closed 08/10/2010)." Petitioner's argument that his counsel never received the August 10, 2010 dismissal order and did not know that Case 1 was closed is, therefore, to no avail. Moreover, there is no assertion that the July 23, 2010 order was not received; yet there was no response to that order, which informed petitioner that his case *would* be dismissed without prejudice if he failed to waive his unexhausted claim. As a result, petitioner's "return to federal court" should have happened within 30 days of September 29, 2010 and should have been by way of a new habeas petition. That did not happen.

For these reasons, with respect to mandatory equitable tolling, petitioner's objection is overruled and the R&R is accepted.

9

2.     **R&R failed to properly apply the principles of general equitable tolling (Doc. No. 11 at 4, citing *Andrews*, *supra* and *Holland*, *supra*)**

Petitioner argues that the R&R fails to properly apply *Andrews* and *Holland*. The Court first notes that *Andrews* is no longer the applicable case law. (*See*, n.6, *supra*.) *Holland* establishes the two-part test for whether to apply general equitable tolling.

Petitioner argues that he "could not have done more than he did in a good faith attempt to assure timeliness of his petition." (Case 2, Doc. No. 11 at 4.) The Court disagrees.

First, petitioner could have avoided dismissal of Case 1 and enjoyed the benefits of a stay if he had merely responded to the Court's July 23, 2010 order. Second, after the Court issued its dismissal order in Case 1 on August 8, 2010, petitioner should have known that his case was closed and, once his claim was exhausted, he would be required to file a new habeas case. Third, when petitioner was informed (again) by order dated October 8, 2010 that a new habeas petition was necessary, there was still time within the 30-day window to do so; but petitioner did not file his new petition until December 30, 2010. (Case 2, Doc. No. 1.)

Petitioner asserts (1) that his "primary counsel, Margaret Amer Robey," never received the August 8, 2010 order; (2) that Ms. Robey "suffers from multiple sclerosis [which] often flares up and requires [that she] take days off from work [...] to recover from associated symptoms and extreme fatigue[;]" (3) that "[a]lthough Attorney Gregory S. Robey is also listed as attorney of record in this matter, he was secondary to Margaret Amer Robey on this file, as he is a *trial lawyer* who has a very busy criminal practice[.]" (Case 2, Doc. No. 11 at 5.) All of these assertions are made without any affidavits to support them.

10

In fact, the record and the electronic filing system both refute the first and third assertions.[11] First, Gregory Robey, not Margaret Amer Robey, filed every document filed by petitioner in Case 1, although both counsel are listed on the docket as "Attorney to be noticed." Ms. Robey's email address is currently shown as "margamer@aol.com;" however, the *only* electronic receipt on the entire docket that was delivered to her at that email address is the final document on the docket, petitioner's motion for relief from judgment filed by Gregory Robey on September 7, 2011. (Case 1, Doc. No. 16.)

In Case 2, as in Case 1, Gregory Robey, who is listed as "Lead Attorney," has filed all but one of petitioner's documents. A formal notice of appearance by Margaret Amer Robey was filed on January 4, 2011. She is listed as "Attorney to be noticed." After that appearance, the electronic receipts show delivery to her at the "margamer@aol.com" email address, as well as delivery to Gregory Robey at "Robeylaw@aol.com," which is the email address that both Margaret Amer Robey and Gregory Robey used in Case 1.

The electronic filing system "Attorney Case Query" shows that Gregory Robey's login was created on January 31, 2004 and updated on August 15, 2011. His last login was February 2, 2012. However, Margaret Amer Robey's login was not created until December 30,

---

[11] "An attorney's incapacitation for medical reasons may constitute sufficient extraordinary circumstances to warrant equitable tolling of the limitations period, if the incapacity affected the petitioner's ability to file a timely habeas petition." *Westerfield v. Rapelje*, No. 2:10-CV-13189, 2011 WL 3511512, at *3 (E.D. Mich. Aug. 11, 2011) (citing *Robertson v. Simpson*, *supra*, 624 F.3d at 785). Here, petitioner has asserted no more than vague allegations that Margaret Amer Robey suffers from a medical condition that sometimes requires her to take off work. Although the Court has no reason to doubt the truth of that assertion, there is nothing specific in the record to support a finding that Ms. Robey was, in fact, actually suffering in that manner at the exact time the petition was due. Further, as indicated by the discussion herein, it is not even clear that Ms. Robey was representing petitioner for purposes of filing documents prior to January 4, 2011. Moreover, *two* attorneys represented petitioner and, if Ms. Robey was unable to file the petition, there is no reason why Gregory Robey could not have performed the very task of filing, which the record shows was routinely his to perform.

2010 and has not been updated. Her last login was June 23, 2011. On that date, she filed in Case 2, a motion for extension of time to respond to the motion to dismiss. (Case 2, Doc. No. 7.)[12]

Clearly, the record does not support the assertions made in petitioner's objections that counsel has not received orders and that Gregory Robey is not lead counsel. Further, if Margaret Amer Robey *is* lead counsel and has not received emails, it is because she did not have a correct email address until December 30, 2010 when her login was created. Even so, the Court would have not used that address until January 4, 2011, when she made her first official appearance in Case 2.

Petitioner's assertion that he "could not have done more [...] to assure the timeliness of his petition" simply does not pass muster. "[M]istakes of counsel are constructively attributable to the client, at least in the postconviction context." *Holland*, 130 S. Ct. at 2566 (Alito, J., concurring in part and concurring in the judgment) (citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), for the proposition that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"). Justice Alito pointed out that the rationale of *Lawrence* "fully applies to other forms of attorney negligence." *Id*. at 2567. Since "the error of an attorney is constructively attributable to the client[,] [it] thus is not a circumstance beyond the litigant's control." *Id*. (collecting cases).

---

[12] It is highly likely that, in Case 1, Margaret Amer Robey and Gregory Robey, who were both identified as petitioner's counsel on the petition, were assigned the same email address when the manually-submitted petition was filed by the Clerk because they were both listed as from the firm "Robey & Robey," whose email address in the electronic system is "Robeylaw@aol.com." Contrary to the requirements of LR 10.1, the petition itself did not supply this information (nor did the petition in Case 2). LR 10.1 provides, in relevant part, "Signatures on all documents submitted to the Court shall include the typewritten name, address, telephone number, facsimile number, e-mail address and the attorney's Ohio Bar Registration Number, if applicable."

Here, counsel could have complied with their duty to keep the Clerk informed of any changes in their contact information as well as their duty to regularly monitor the docket of their client's case. This is the "reasonable diligence" required under *Holland*. Further, there is nothing in the factual and procedural scenario of this case that constitutes "extraordinary circumstances" outside petitioner's control.

Accordingly, this objection is overruled and the R&R is accepted with respect to application of the principles of general equitable tolling.

### III. CONCLUSION

For the reasons discussed above, petitioner's objections are overruled and the Report and Recommendation is accepted. Respondent's motion to dismiss the habeas petition as untimely (Case 2, Doc. No. 6) is **GRANTED**. The petition is dismissed with prejudice. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 2, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**